**533**

Michael W. DREW

v.

GENERAL ELECTRIC COMPANY and
Electric Mutual Liability
Insurance Company.

Supreme Judicial Court of Maine.

Argued May 5, 1981.

Decided May 14, 1981.

Reef & Mooers, P.A., William B. Jordan (orally), Norman S. Reef, Portland, for plaintiff.

Robinson & Kriger, Roland Beaudoin (orally), John McCallum, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, ROBERTS and CARTER, JJ.

MEMORANDUM OF DECISION.

Michael Drew has appealed from a pro forma decree affirming the decision of the Workers' Compensation Commission upon the Petition for Review of Incapacity filed by his employer's insurance carrier. The Commissioner reduced total incapacity to a partial incapacity of 50 percent, ordering that compensation be reduced accordingly.

The record contains comparative medical testimony that Drew's physical condition had improved markedly since the date of an approved agreement to pay Drew compensation for total incapacity. Thus, competent evidence supports the Commissioner's finding that Drew had regained 50 percent of his work capacity. Drew testified that he had not looked for work with anyone except his employer, General Electric Company. Thus, Drew failed to meet his burden of going forward with evidence of a good faith work search; the employer thereby met its ultimate burden of persuasion on that issue. *Ibbitson v. Sheridan Corp.*, Me., 422 A.2d 1005, 1009–10 (1980). Whether the evidence might support a finding of a greater degree of incapacity is of no consequence, so long as the Commissioner's decision finds rational support in the evidence. *Dunton v. Eastern Fine Paper*, Me., 423 A.2d 512, 518 (1980).

The entry is:

Pro forma judgment affirmed.

It is ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees plus his actual and reasonable out-of-pocket expenses for this appeal.

All concurring.